UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TAMMY WADIAN ADAMS, | ) | CASE NO. 5:07 CV 1206 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| COMMON PLEAS COURT | ) | AND ORDER |
| CANTON, OHIO , et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 24, 2007, this civil rights action was filed on behalf of Tammy Wadian Adams by Don Bennefield, dba the Cobra Missing Children Network. The complaint contests Ms. Adams's two convictions and seeks to have them set aside.

As an initial matter, Don Bennafield is not an attorney and cannot invoke this court's jurisdiction on behalf of a third party. In general, a party may plead and conduct his or her case in person or through a licensed attorney. See 28 U.S.C. § 1654; Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991).[1] An adult litigant who wishes to proceed pro se

---

[1]   28 U.S.C. § 1654 provides:

In all courts of the United States the parties may plead and conduct
(continued...)

must personally sign the complaint to invoke this court's jurisdiction. See 28 U.S.C. § 1654; Steelman v. Thomas, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). Mr. Bennafield indicates on some of the documents that he has signed Ms. Adam's name as her legal representative. Other documents which do not bear this disclosure contain a signature which is identical to that which was produced by Mr. Bennafield. There is no indication that Ms. Adams's real signature appears on the pleading, or that she even saw the document before it was filed on her behalf. Consequently, this action cannot proceed as filed.

Moreover, Mr. Bennafield has been enjoined in both this federal court and in the Ohio state courts from filing lawsuits and engaging in the unauthorized practice of law. He was sanctioned by the Ohio Supreme Court in 2005 for engaging in the unauthorized practice of law by attempting to represent litigants as the president of Bennafield Enterprises, Inc. dba Cobra Missing Children Network. Because it was his first offense, the Ohio Supreme Court did not impose a fine, but enjoined Mr. Bennafield from this practice in the future. See Stark County Bar Assoc. v. Bennafield, 107 Ohio St. 3d 29 (2005). He was also declared to be a vexatious litigator and was enjoined from filing any action in this court without prior leave of court after filing eleven frivolous lawsuits in this court. See Bennafield v. Canton Police Dept., Case No. 5:00 CV 2202 (N.D. Ohio Oct. 19, 2000). The pleading filed in this case is a direct violation of both of those court orders.[2]

---

[1](...continued)
      their own cases personally or by counsel as by the rules of such
      courts, respectively, are permitted to manage and conduct cases
      therein.

[2] Mr. Bennafield is cautioned that the unauthorized practice of law may lead to the imposition of civil penalties in an amount up to ten thousand dollars per offense. Ohio UPL Reg. 400(E).

Furthermore, even if the pleading had been signed personally by Ms. Adams, it fails to state a claim upon which relief may be granted.  It appears from the rather disjointed complaint, that Ms. Adams was the defendant in two criminal actions.  In Stark County, Ohio, Ms. Adams was convicted on felony drug-related charges.  The pleading contends that at the time of her arrest, she was in a car with drug dealers because she was doing an undercover investigation for Cobra Missing Children Network.  It further suggests that the drugs found in the car on the seat next to Ms. Adams were unfairly attributed to her.  The pleading states that the other individuals in the car should also have been charged with possession of the drugs.  The second case filed in Harrison County, Ohio resulted in Ms. Adams's guilty plea to child endangerment charges.  Ms. Adams had been accused of neglecting her disabled daughter and allowing her to develop severe bed sores which required surgery to repair.  The pleading asserts that Ms. Adams properly cared for her daughter, but plead guilty to the charges on the belief that it would spare her from prison. The complaint and its addendums request that the convictions and sentences be vacated and damages be awarded to Ms. Adams.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.³  Neitzke v.

---

³ An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir.
(continued...)

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, dismissal is appropriate.

The allegations set forth in the complaint clearly challenge the validity of Ms. Adams's convictions and resulting confinement in an Ohio penal institution. In fact, the complaint requests that the convictions be vacated and that she be released from prison. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of [her] physical imprisonment, ... [her] sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Ms. Adam cannot obtain release from prison as relief in a civil rights action. Id.

Furthermore, to the extent that the complaint seeks monetary damages, it cannot proceed. A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his or her conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether the plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Plaintiff does not allege her continued confinement has been declared invalid by either an Ohio state court or a federal habeas corpus decision. Her claims must therefore be dismissed.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

---

(...continued)
1985).

4

in good faith.[4]

        IT IS SO ORDERED.


Date: June 21, 2007                                  S/John R. Adams
                                                        JOHN R. ADAMS
                                                        UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.